UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARON KONSPORE,  :
    Plaintiff,  :
  :
v.  :    No. 3:10cv613 (MRK)
  :
FRIENDS OF ANIMALS, INC.,  :
    Defendant  :

**RULING AND ORDER**

Pending before the Court is Defendant Friends of Animals, Inc.'s ("FoA") [doc. # 9] Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Plaintiff Sharon Konspore claims that FoA wrongfully fired her because of her "health disability" – she allegedly suffers from chronic Lyme disease[1] – and because of her exercise of free speech. Ms. Konspore asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-7 *et seq.*; Connecticut General Statutes § 31-51q; and Connecticut General Statutes § 31-51m, as well as common law claims for wrongful discharge and breach of the implied covenant of good faith and fair dealing. FoA has moved to dismiss the ADA and CFEPA claims in the First and

---

[1] Lyme disease is an infection that ordinarily responds well to conventional antibiotic therapy. *See* Henry M. Feder, Jr., *et al.*, *A Critical Appraisal of "Chronic Lyme Disease,"* 357 New Eng. J. Med. 1422, 1422 (2007). The diagnosis of "chronic Lyme disease" is controversial among medical specialists. *See id.*; *see also Parker v. Vulcan Material Co. Long Term Disability Plan*, 670 F. Supp. 2d 983, 998-99 (C.D. Cal. 2009) (discussing the controversy in the context of a disability benefits dispute).

1

Second Counts of Ms. Konspore's Complaint, and the common law claims in the Fifth and Sixth Counts of her Complaint.[2]  For the reasons set forth below, FoA's Motion to Dismiss [doc. # 9] is GRANTED IN PART and DENIED IN PART.

As a preliminary matter, Ms. Konspore concedes in response to the Motion to Dismiss that the Sixth Count of her Complaint fails to state a claim for common law breach of the implied covenant of good faith and fair dealing.  *See* Plaintiff's Objection to Defendant's Motion to Dismiss [doc. # 15] at 1 n.1.  The Court therefore grants FoA's Motion to Dismiss the Sixth Count.

FoA argues that the First and Second Counts of Ms. Konspore's Complaint fail to state claims for constructive discharge and hostile work environment under the ADA and CFEPA.  *See* Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. # 10] at 3-5.  According to Ms. Konspore, however, her claims under the ADA and CFEPA in the First and Second Counts are based on disability discrimination, rather than on constructive discharge or hostile work environment.  *See* Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Dismiss [doc. # 15-1] at 4-5.  FoA's Motion to Dismiss does not argue that the First and Second Counts fail to state claims for disability discrimination under the ADA and CFEPA.[3]  The Court

---

[2] FoA's memorandum of law supporting its motion twice refers to the Fourth Count of the Complaint as asserting a claim for common law breach of the implied covenant of good faith and fair dealing.  *See* Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. # 10] at 8.  The Fourth Count does not assert that claim.  Instead, it asserts a claim under Connecticut General Statutes § 31-51m, which prohibits an employer from discharging, disciplining, or otherwise penalizing an employee who reports a violation or suspected violation of law by her employer.  *See* Complaint ¶¶ 78-84.  Because FoA does not argue that the Complaint fails to state a claim for relief under Connecticut's "whistleblowing" statute, the Court assumes that FoA's references to the Fourth Count are the result of typographical error.

[3] In reply, FoA argues that the Complaint fails to alleges facts constituting an adverse employment action.  *See* Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss [doc. # 18] at 5-6.  This Court will not consider an argument raised for the first time

accepts the clarification and denies FoA's Motion to Dismiss the First and Second Counts.

FoA next argues that the Fifth Count of the Complaint fails to state a claim for common law wrongful discharge. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. # 10] at 6-8. According to her Complaint, Ms. Konspore learned during the course of her employment at FoA that it had misused donated funds and engaged in other improper corporate practices, and then reported what she had learned to her superiors at FoA, as well as to the Connecticut Attorney General's office. *See* Complaint [doc. # 1] ¶¶ 28-36. Ms. Konspore alleges, *inter alia*, that in response to her reports FoA began a campaign of unfair treatment and intimidation to "push" her out of her job. *Id.* ¶ 39. Her claim for common law wrongful discharge in the Fifth Count of the Complaint is based on those factual allegations. *See id.* ¶ 85 ("As a partial result of Plaintiff voicing her criticisms and concerns, and trying to call attention to and stop Defendant's improper business practices . . . Plaintiff was discharged from her job by Defendant.").

FoA does not argue that the factual allegations which form the basis of the Fifth Count of the Complaint, if proven to be true during the course of this litigation, would not entitle Ms. Konspore to any legal remedy. Instead, FoA argues that there is no basis for Ms. Konspore to assert a common law claim based on those factual allegations because perfectly adequate statutory remedies exist. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss [doc. # 10] at 6. In the Third Count of her Complaint, Ms. Konspore seeks recovery under Connecticut General Statutes § 31-51q, which provides:

> Any employer . . . who subjects any employee to discipline or discharge on account

---

in a reply filing because doing so denies the non-moving party of any opportunity to address the argument. *See, e.g.*, *Doninger v. Niehoff*, No. 3:07CV1129 (MRK), 2009 WL 763492, at *4 (D. Conn. Mar. 19, 2009).

of the exercise by such employee of rights guaranteed by the [F]irst [A]mendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge . . . .

In the Fourth Count, she seeks recovery under § 31-51m, which provides:

No employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body. . . . No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer.

For the following four reasons, the Court agrees that §§ 31-51q and 31-51m provide adequate remedies for the precise harms Ms. Konspore alleges in the Fifth Count of her Complaint, and that Mr. Konspore thus cannot pursue her common law wrongful discharge claim.

*First*, the Connecticut Supreme Court has held that § 31-51m precludes common law wrongful discharge claims based on violations of the public policy embodied in that provision. In *Burnham v. Karl & Gelb, P.C.*, 252 Conn. 153 (2000), the Supreme Court held: "[E]ven if we were to conclude that the plaintiff's termination violated the public policy embodied in § 31-51m, the plaintiff's common-law wrongful discharge claim would be precluded by § 31-51m(c), which provides a statutory remedy for the employer conduct prohibited under § 31-51m(b)." *Id.* at 158. The Supreme Court further explained:

Section 31-51m(c) provides a statutory remedy for employees who are harmed by employer conduct in violation of § 31-51m(b). . . . The existence of this statutory remedy precludes the plaintiff from bringing a common-law wrongful discharge action based on an alleged violation of § 31-51(b) [sic].

*Id.* at 162 (citing *Atkins v. Bridgeport Hydraulic Co.*, 5 Conn. App. 643, 648 (1985) (reasoning that

4

a plaintiff can bring a common wrongful discharge claim only when he or she is "otherwise without remedy")).

*Second*, the Connecticut Appellate Court has also stricken common law claims based on conduct that allegedly violated § 31-51m. For example, in *Campbell v. Town of Plymouth*, 74 Conn. App. 67 (2002), the Appellate Court reasoned:

> Generally, Connecticut follows the rule that employment is at-will and terminable by either the employee or the employer with impunity. We have recognized an exception to that rule, however, where an "employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. In such cases, the plaintiff may have a common-law cause of action against the employer. In *Atkins*, however, this court further narrowed that cause of action by holding that our public policy exception to the at-will doctrine is available only in cases in which there are no other available remedies and permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.
>
> In *Burnham,* our Supreme Court explicitly affirmed our decision in *Atkins* and further held that because § 31-51m(c) provides a statutory cause of action for employees who are terminated for "whistleblowing," the public policy exception does not apply. Section 31-51m, therefore, provides the exclusive remedy for such employees and precludes any common-law actions in either tort or contract.

*Id.* at 74 (internal citations and quotations omitted);[4] *see also Pickering v. Aspen Dental*

---

[4] In *Campbell*, the Appellate Court specifically addressed – and rejected – Ms. Konspore's argument that a statute does not preclude common law claims unless it contains explicit language that identifies it as providing the exclusive remedy for a particular harm:

> [A]lthough admittedly § 31-51m also contains no exclusivity language, *Burnham*, as previously stated, does provide adequate precedent from this state's highest court that § 31-51m is an exclusive remedy. More importantly, the *Wolverine Fire Protection Co.* court itself correctly distinguished its decision from those decisions of other Superior Courts that deal with a statutory remedy and the breach of the implied covenant of good faith and fair dealing in the context of employment law. One such case, *Rothberg* specifically holds that because § 31-51m provides a statutory remedy, an action brought on the basis of an alleged breach of the implied covenant of good faith and fair dealing is precluded. We find that the present case is like *Rothberg* and agree with that court's decision. Given the allegations before us and pursuant to *Burnham*, § 31-51m (c)

5

*Management, Inc.*, 100 Conn. App. 793, 799 (2007) (holding that the plaintiff's common law wrongful termination claim was precluded by § 31-51m).

*Third*, the Court believes that the logic of *Burnham, Atkins* and *Campbell* applies equally to § 31-51q, and therefore predicts that the Connecticut Supreme Court would hold that § 31-51q precludes common law claims based on conduct that allegedly violates § 31-51q. *See Travelers Insurance Co. v. 633 Third Associates*, 14 F.3d 114, 119 (2d Cir. 1994) (holding that where State law is unclear, a federal court interpreting that law must predict how the highest court of the State would resolve the question at bar). The Superior Court has twice held that § 31-51q provides the exclusive remedy for harms falling within the strictures of that provision. *See, e.g.*, *Brown v. The New London Day*, No. 551571, 2001 WL 984818, at *2-3 (Conn. Super. July 30, 2001); *Sherman v. Sedgwick James of Connecticut, Inc.*, No. CV326150, 1997 WL 83714, at *2 (Conn. Super. Feb. 10, 1997). The Court predicts that the Connecticut Supreme Court would follow *Brown* and *Sherman*.

Ms. Konspore cites only one Superior Court decision to the contrary, and the Court believes that her reliance on that case is misplaced. *See Gregoire v. Newlonbro, LLC*, No. CV030178933S, 2003 WL 22708660 (Conn. Super. Oct. 31, 2003). The *Gregoire* court acknowledged the earlier Superior Court decision in *Brown* holding that § q precluded common law remedies. *See id.* at *2 (citing *Brown*, 2001 WL 984818). Rather than express disagreement with the *Brown* court's interpretation of § 31-51q's preclusive effect, the *Gregoire* court merely found that the plaintiff had only alleged he was fired for comments he made to his employer, and that those comments did not

---

provides the plaintiff's exclusive remedy for wrongful discharge.
74 Conn. App. at 75.

constitute constitutionally protected speech. *See id.* The Court therefore concluded that § 31-51q – which only protects employees from being discharged for engaging in constitutionally protected speech – did not apply.[5] Here, on the other hand, Ms. Konspore has alleged that she engaged in constitutionally protected speech when she reported her concerns about FoA to the Connecticut authorities. *See* Complaint ¶ 69.

*Fourth*, and finally, other federal courts in this district have dismissed common law claims for wrongful discharge when state statutes provided remedies for the same conduct alleged in the plaintiffs' complaints. *See, e.g.*, *Storm v. ITW Insert Molded Products*, 400 F.Supp.2d 443, 447 (D. Conn. 2005); *Lowe v. Amerigas Inc.*, 52 F. Supp.2d 349, 358 (D. Conn. 1999); *McClaim v. Pfizer, Inc.*, No. 06CV1795 (VLB), 2008 WL 681481, at * 3 (D. Conn. Mar. 7, 2008); *Parmenter v. Wal-Mart Stores, East, L.P.*, No. 06CV1585 (PCD), 2007 WL 2071625, at *7 (D. Conn. July 16, 2007); *Key v. Wal-Mart, Inc.*, No. 03CV144 (RNC), 2004 WL 2377141, at * 2 (D. Conn. Sept. 29, 2004); *Armstead v. Stop & Shop Companies, Inc.*, No. 01CV1489 (JBA), 2003 WL 1343245, at *4 (Mar. 17, 2003).[6] As the *Paramenter* court put it: "The [Connecticut] legislature, through its

---

[5] Similarly, in *Rogus v. Bayer Corp.*, No. 02CV1778 (MRK), 2004 WL 1920989 (D. Conn. Aug. 25, 2004), this Court noted in *dicta* that a common law cause of action might possibly proceed when the conduct alleged did not fit the terms of § 31-51m because the plaintiff did not report her allegations to a public body. *See id.* at at *6. Ms. Konspore argues that the Court should allow the wrongful discharge claim to remain pending until summary judgment in the event she cannot satisfy all the elements of her statutory claims. *See* Surreply Memorandum of Law in Further Support of Plaintiff's Objection to Defendant's Motion to Dismiss [doc. # 20] at 1-4. However, since Ms. Konspore alleges facts in her Complaint that precisely track the elements of §§ 31-51m and 31-51q , the Court sees no reason to allow Ms. Konspore's common law wrongful discharge claim to remain pending.

[6] *Van Kruiningen v. Plan B, LLC*, 485 F. Supp.2d 92 (D. Conn. 2007) is not to the contrary because it involved conduct and harms for which neither Title VII nor CFEPA provided a remedy. *See id.* at 96.

enactment of § 31-51m [and § 31-51q] has granted employees discriminated against or terminated on account of whistleblowing a statutory cause of action. As such any common-law wrongful termination claim based on that whistleblowing . . . is preempted . . . ." 2007 WL 2071625, at *8. The Court is persuaded by the overwhelming consensus of its learned colleagues in the district regarding the preclusive effects of Connecticut statutory remedies.

Accordingly, the Court GRANTS IN PART and DENIES IN PART FoA's [Doc. # 9] Motion to Dismiss. The Court dismisses only the Fifth and Sixth Counts of Ms. Konspore's Complaint. Ms. Konspore may continue to pursue her claims under the First, Second, Third, and Fourth Counts.

IT IS SO ORDERED,

/s/ Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **August 2, 2010.**